## CIRCUIT COURT OF HIGHLAND COUNTY

Everette H. Rexrode et al.

v.

Luther C. Simmons, Jr.

January 7, 1985

By JUDGE DUNCAN M. BYRD, JR.

I have reviewed the evidence, argument and Memoranda of counsel in the above styled matter. I will not review the facts. At the outset, I will reject the argument of the Complainants that the Respondent failed properly to plead the Statute of Frauds and [the argument] concerning waiver of the Statute of Frauds. Before the evidentiary hearing began, it was clearly established that the issue of avoidance of the Statute of Frauds was the central issue for resolution in this case.

The Complainant accurately states the rules whereby a Court of equity should avoid the Statute of Frauds in order to attain the ends of justice. These requirements are:

1. The parol agreement relied on must be certain and definite in its terms.

2. The acts proved in part performance must refer to, result from, or be made in pursuance of the agreement proved.

3. The agreement must have been so far executed that a refusal of full execution would operate a fraud upon the party, and place him in a situation which does not lie in compensation. Memorandum in Support of Complainants, pp. 3 & 4.

Clearly the first two requirements are met in this case. The real issue for resolution is whether or

not the agreement has "been so far executed that a refusal of full execution would operate a fraud upon the party, and place him in a situation which does not lie in compensation." *Id.*

The Court is of the opinion that it has not. As pointed out by the Respondent in his Memorandum (pages 2 and 3) in each case cited by the Complainant the acts of execution far exceeded those of the case at bar. In the case at bar, the Complainants, at most, were in joint possession of a portion of the land for no more than a couple of months. Furthermore, the damage to the Complainants are readily ascertainable.

The Statute of Frauds should not be avoided and the request for specific performance is denied.